J-A06017-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROD L. JONES, JR. | : | |
| | : | |
| Appellant | : | No. 1636 WDA 2016 |

Appeal from the Judgment of Sentence June 28, 2016
in the Court of Common Pleas of Allegheny County Criminal Division
at No(s): CP-02-CR-0008782-2015

BEFORE:    BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:       FILED JULY 27, 2018

Although I join the learned Majority's memorandum in all other resp

ects, I respectfully dissent regarding two issues: (1) the trial court's error in

admitting Detective Holzwarth's opinion as to typical responses by child

sexual abuse victims, which was based upon specialized knowledge he

acquired as a police officer, without qualifying Detective Holzwarth as an

expert; and (2) the trial court's abuse of discretion in sentencing Appellant

outside of the sentencing guidelines to a maximum sentence without stating

sufficient justification for deviating from the guidelines pursuant to 42

Pa.C.S. § 9721(b).

With respect to the first issue, the Majority concludes that Detective

Holzwarth's testimony was rationally based on his experience, was helpful to

---

*Retired Senior Judge assigned to the Superior Court.

the trier of fact, and was not based on scientific, technical, or other specialized knowledge. I respectfully disagree.

In this case, Detective Holzwarth, without any attempt to qualify him as an expert in the area of child sexual abuse, testified that based upon his training and experience, child victims often (1) have difficulty remembering each incident when sexual abuse is ongoing, (2) have difficulty remembering specific dates, and (3) mix up details of specific incidents with others.[1] N.T., 4/5/2016 - 4/7/2016, at 100-01.

In Commonwealth v. Dunkle, 602 A.2d 830, 836-38 (Pa. 1992), our Supreme Court held that the reasons why sexually-abused children may not recall or provide certain details of the assault, or may delay reporting the incident, are within the range of common experience, easily understood by lay people, and do not require expert analysis. While at first glance Dunkle is dispositive of this issue, Dunkle predates our legislature's enactment of 42 Pa.C.S. § 5920. This statute provides as follows:

§ 5920. Expert testimony in certain criminal proceedings

(a) Scope.—This section applies to all of the following:

      (1) A criminal proceeding for an offense for which registration is required under Subchapter H of

---

[1] Detective Holzwarth also testified that based upon his training and experience, it is not uncommon for child victims to delay reporting sexual assaults, and opined as to some of the reasons why. N.T., 4/5/2016 - 4/7/2016, at 103-04. I recognize, however, that while the trial court had already overruled his prior objection regarding Detective Holzwarth's testifying as an expert, Appellant did not object to this specific testimony.

Chapter 97 (relating to registration of sexual offenders).

(2) A criminal proceeding for an offense under 18 Pa.C.S. Ch. 31 (relating to sexual offenses).

(b) Qualifications and use of experts.—

(1) In a criminal proceeding subject to this section, a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in understanding the dynamics of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after being assaulted.

(2) If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors.

(3) The witness's opinion regarding the credibility of any other witness, including the victim, shall not be admissible.

(4) A witness qualified by the court as an expert under this section may be called by the attorney for the Commonwealth or the defendant to provide the expert testimony.

42 Pa.C.S. § 5920 (footnote omitted).

Our Supreme Court has described section 5920 as providing the substantive authorization to present expert testimony regarding specific types of victim responses and behaviors. Commonwealth v. Olivo, 127 A.3d 769, 780 (Pa. 2015). To date, no court has expressly held that by enacting section 5920, the General Assembly legislatively overruled

Dunkle's holding regarding testimony about child victim responses as being within the knowledge of an average layperson. See Commonwealth v. Maconeghy, 171 A.3d 707, 709 n.2 (Pa. 2017) (noting that Dunkle is "impacted by the enactment of [s]ection 5920 of the Judicial Code, which now permits certain expert witnesses to testify to facts and opinions regarding specific types of victim responses and behaviors," but stating a discussion of the specific effect of the statute on Dunkle was beyond the scope of the opinion); Olivo, 127 A.3d at 781 (describing the portion of Dunkle regarding child victim responses being within the knowledge of a lay juror as a holding based upon "then-current research," but not addressing whether the holding was still valid in light of section 5920); Commonwealth v. Carter, 111 A.3d 1221, 1223-224 (Pa. Super. 2015) (observing that Dunkle pre-dates section 5920, holding that trial court properly permitted expert to testify regarding child victim responses pursuant to section 5920, and rejecting Carter's argument that General Assembly had enacted legislation on an issue previously ruled upon by the Supreme Court in an area specifically consigned to its authority, thereby violating separation of powers). In my opinion, Dunkle's holding regarding specialized knowledge is no longer valid in light of the legislative enactment of section 5920 because section 5920 classifies such knowledge, when acquired through experience, training, or education in criminal justice related to sexual violence, as specialized. See 42 Pa.C.S. § 5920(b)(1), (2).

In the instant case, the trial court and the Majority fail to discuss Dunkle or section 5920. The trial court explained that it overruled Appellant's objection because "the Commonwealth was entitled to question Detective Holzw[a]rth regarding his experience with child victims" based upon Appellant's defense, which involved his counsel "paint[ing Victim] as a liar, with emphasis on her inability to remember exact dates and some confusion between which types of intercourse happened in which rooms of the house." Trial Court Opinion, 5/5/2017, at 8-10. This explanation relates to the relevancy of the Commonwealth's evidence, but fails to address whether Detective Holzwarth's testimony was based upon specialized knowledge within the meaning of Pa.R.E. 702.

Nevertheless, the Majority concludes that Detective Holzwarth's testimony was not based upon specialized knowledge, and thus was "permissible lay opinion testimony regarding his observations with similar victims of sexual abuse." Majority Memorandum at 8. However, Detective Holzwarth rendered his opinion regarding typical victim responses based upon his training and experience as a police officer investigating sexual assaults. See Commonwealth v. Huggins, 68 A.3d 962, 969 (Pa. Super. 2013) ("[A]n officer testifies as an expert when he brings the wealth of his experience as an officer to bear on those observations and makes connections for the jury based on that specialized knowledge.") (quoting United States v. Christian, 673 F.3d 702, 708-09 (7th Cir. 2012));

Commonwealth v. Powell, 171 A.3d 294 (Pa. Super. 2017) (holding a police officer may testify as an expert based upon knowledge gained from practical and occupational training). In fact, the Commonwealth expressly relied upon Detective Holzwarth's experience and training when asking him to formulate his opinion. N.T., 4/5/2016 - 4/7/2016, at 100-03. Thus, Detective Holzwarth's testimony appears to fall squarely within subsection 5920(b)(1) as "specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice ... related to sexual violence, that will assist the trier of fact in understanding the dynamics of ... victim responses to sexual violence." 42 Pa.C.S. § 5920(b)(1). A witness "may testify to facts and opinions regarding specific types of victim responses and victim behaviors" if such witness is "qualified as an expert." 42 Pa.C.S. § 5920(b)(2). Although it likely could have qualified Detective Holzwarth as an expert, the Commonwealth failed to do so. Thus, I dissent from the Majority's memorandum on this issue, and would grant relief to Appellant in the form of a new trial.

Second, I dissent from the Majority's holding that the trial court did not abuse its discretion in sentencing Appellant to a maximum-term,

outside-the-guidelines sentence that, in the aggregate, resulted in a sentence of 27 to 60 years of incarceration.[2]

At the sentencing hearing, the trial court noted that it had read and considered the pre-sentence investigation report. N.T., 6/28/2016, at 9. The trial court then stated that "[t]he guidelines have been submitted indicating that" Appellant's prior record score was zero and the offense gravity score of the crimes was 12. The court then referenced the following factors regarding its sentence: (1) the "number of violent sexual activities" committed by Appellant; (2) the step-daughter/step-father relationship and the violation of a position of trust; (3) the occurrence of the acts "from the time [the victim] was 11 until the time she was 17";[3] and (4) the impact

_____

[2] The trial court sentenced Appellant to 9 to 20 years' incarceration at each count, to be served consecutively. With an offense gravity score of 12, and a prior record score of zero, the guidelines recommend a mitigated range sentence of 3 to 4.5 years; a standard range sentence of 4 to 5.5 years; and an aggravated range sentence of 5 to 6.5 years. 204 Pa. Code § 303.16(a). The statutory maximum for crimes that constitute felonies of the first degree is 20 years' imprisonment. 18 Pa.C.S. § 1103.

[3] When stating the reasons for its sentence, the trial court stated erroneously that Appellant perpetrated sexual abuse upon the victim from the age of 11 to the age of 17. N.T. 6/28/2016, at 10. The record plainly indicates that the abuse of the victim began at age 13. See N.T., 4/5/2016 - 4/7/2016, at 46, 85. The trial court repeats its error in its Rule 1925(a) opinion, despite Appellant specifically addressing this issue as part of its concise statement of matters complained of on appeal, and despite stating earlier in the opinion that the abuse began at age 13. Trial Court Opinion, 5/5/2017, at 2, 11.

In a footnote, the Majority downplays the error regarding the starting age of abuse as a misstatement. Majority Memorandum, at 14 n.5. But the trial
(Footnote Continued Next Page)

upon the victim and her mother. In its Pa.R.A.P. 1925(a) opinion, the court references its considerable discretion in sentencing and ability to run sentences consecutively; notes its consideration of the PSI and the presumption that it weighed information regarding the defendant's character and mitigating factors; and contends it considered Appellant's potential for rehabilitation, the severity of the present offense, and unspecified factors when fashioning Appellant's sentence. Trial Court Opinion, 5/5/2017, at 11-12.

Despite its reference to the guidelines on the record, the trial court has never acknowledged, even implicitly, that it sentenced Appellant outside of the sentencing guidelines, much less provided a statement setting forth the reasons for the deviation. The trial court referenced the reasons why it imposed Appellant's sentence in general, but does not specify which, if any, of the listed reasons compelled the court to impose a sentence so far outside of the guidelines. Additionally, on the Pennsylvania Commission on Sentencing Guideline Sentence Forms included in the record, the trial court

(Footnote Continued) ————————————

court gives us no indication that this was a mere slip of the tongue. While any sexual abuse of a child at any age is unacceptable, in terms of sentencing, improper consideration of two additional years of abuse at an even younger age is significant. Sentencing courts may not rely upon factually erroneous information when imposing a sentence. Commonwealth v. Melvin, 172 A.3d 14, 25 (Pa. Super. 2017). Nevertheless, Appellant did not preserve this issue by objecting to the misstatement at the sentencing hearing or including it as an issue in his post-sentence motion. Thus, the issue is waived.

indicated that the 9-to-20-years sentence at counts one through three was a standard range sentence, when such a sentence clearly is not. See 204 Pa. Code § 303.16(a).

Although the sentencing guidelines are advisory, the sentencing court must at least "consider" the guidelines and provide a contemporaneous statement setting forth its reasons for deviating from the guidelines.[4] 42 Pa.C.S. § 9721(b); Commonwealth v. Wells, 926 A.2d 957, 962-63 (Pa. 2007); Commonwealth v. Rodda, 723 A.2d 212, 216 (Pa. Super. 1999) ("[W]e hold that when imposing sentence, a trial court has rendered a proper 'contemporaneous statement' under [sub]section 9721(b) of the Sentencing Code, so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them."). Even considering the trial court's listed reasons, nothing in the record indicates with clarity

---

[4] Subsection 9721(b) provides, in relevant part, that

> [i]n every case in which the court imposes a sentence for a felony or misdemeanor …, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence … outside the guidelines adopted by the Pennsylvania Commission on Sentencing … the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission…. Failure to comply shall be grounds for vacating the sentence … and resentencing the defendant.

42 Pa.C.S. § 9721(b).

that the trial court considered the guidelines and dispassionately departed from them for justified reasons. C.f. Commonwealth v. Antidormi, 84 A.3d 736, 761 (Pa. Super. 2014) (holding that the sentencing court demonstrated due consideration for the statutory considerations, and stated adequate reasons on the record to support the imposition of a sentence outside of the standard guidelines by referencing Antidormi's criminal history, his resistance to treatment, his risk for recidivism, and the seriousness of his crime).

Further, although a Pa.R.A.P. 1925(a) opinion is not a substitute for the contemporaneous statement required by subsection 9721(b), there is nothing in the trial court's Rule 1925(a) opinion that gives me confidence that the trial court did actually consider the guidelines during sentencing and dispassionately departed from them. Once again, the trial court does not acknowledge that it sentenced Appellant outside the guidelines or provide a reason for doing so. The trial court simply hides behind boilerplate law regarding its general discretion in sentencing. Notwithstanding a trial court's considerable discretion in sentencing, the trial court still must comply with subsection 9721(b), especially because "[f]ailure to comply [is] grounds for vacating the sentence … and resentencing the defendant." 42 Pa.C.S. § 9721(b). Thus, I would vacate the sentence and remand for resentencing.